# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MUSTAFA SAVIOR,                )
                               )
    Petitioner,              )
                               )
v.                             )        CV417-103
                               )
VANCE LAUGHLIN, Warden,        )
GREG DOZIER, Commissioner,     )
                               )
    Respondents.             )

# REPORT AND RECOMMENDATION

Jury-convicted of malice murder, felony murder, possession of a firearm during the commission of a felony, and carrying a concealed weapon, Mustafa Savior petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. The State moves to dismiss, arguing that the petition is untimely under § 2254's statute of limitation, 28 U.S.C. § 2244(d). Doc. 7.

Petitioner's life sentence was affirmed by the Georgia Supreme Court on October 27, 2008. *Savior v. State*, 284 Ga. 488 (2008). He did not move for rehearing or seek further appellate review, but on September 22, 2009, he sought collateral review in state habeas court. Docs. 9-2 - 9-9. Relief was ultimately denied in February 2016. Doc. 9-10. The Georgia Supreme Court denied his application for a certificate of

probable cause to appeal the denial on October 31, 2016. Doc. 9-11; *see also* doc. 9-12 (remittur issued November 28, 2016). He filed an extraordinary motion for a new trial on November 17, 2016, which was denied on April 6, 2017. Doc. 9-13 (motion); doc. 12-1 (Order denying motion). He filed this petition on June 8, 2017. Doc. 1.

Savior had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding, 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013), and thus it continues to tick during any period when no such appeal or habeas proceeding is in play. *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014). When the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).  Hence, sitting on any claim and creating time gaps between proceedings can be fatal.  *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Savior's convictions and sentences became "final" on January 26, 2009, 90 days after the affirmance of his conviction on direct appeal.[2]  *See Clay v. United States*. 537 U.S. 522, 527 (2003) ("Finality attaches when . . . the time for filing a *certiorari* petition expires."); United States Supreme Court Rule 13(1) (petitioners have 90 days to petition for *certiorari*); *Savior*, 284 Ga. at 488 (conviction affirmed October 27, 2008). He then had one year to either file a § 2254 petition or toll the limitations period by seeking state collateral relief.  28 U.S.C. § 2244(d)(2); *Rich*, 512 F. App'x at 982-83.  His state habeas petition was filed on September 22, 2009, 239 days later.  *See* doc. 9-2 at 1.  That filing tolled the statute of limitations while the state court considered his petition.

The Georgia Supreme Court denied him a certificate of probable

---

[2]  While the ninetieth day after October 27, 2008 was actually Sunday, January 25, 2009, the time for filing a petition for *certiorari* was extended until the following Monday, January 26.  *See* United States Supreme Court Rule 30(1).

cause to appeal the denial of his state habeas petition and issued its remittur on November 28, 2016.  *See* doc. 9-12; *Dolphy v. Warden Cent. State Prison*, 823 F.3d 1342, 1344-45 (11th Cir. 2016) (state collateral review is complete "when the remittitur for the decision is transmitted.").  The time remaining on his limitations clock (126 days) then began to run until its expiration on April 3, 2017.  Savior did not file his federal habeas petition until June 8, 2017 -- 66 days too late.

It is true that Savior filed an "extraordinary motion for a new trial" in the state trial court on November 17, 2016.  Doc. 9-13.  Such motions are "application[s] for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and thus may toll the one-year limitations period *if* properly filed.[3]  *See Westmoreland v. Warden*, 817 F.3d 751, 753 (11th Cir. 2016); *Thomas v. State*, 291 Ga. 18 (2012) (an extraordinary motion for a new trial is one way to "challenge a

---

[3]   Georgia law creates two procedures for seeking a new trial: O.C.G.A. § 5-5-40's motion for a new trial, and O.C.G.A. § 5-5-41's *extraordinary* motion for a new trial. A motion for a new trial must be brought within 30 days after the "entry of the judgement on the verdict or entry of the judgment where the case was tried without a jury." O.C.G.A. § 5-5-40(a). An extraordinary motion for a new trial is one made beyond that 30-day period. *See* O.C.G.A. § 5-5-41(a); *Westmoreland*, 817 F.3d at 753 ("In Georgia, a motion for new trial filed more than 30 days after a judgment is entered is called an 'extraordinary' motion for a new trial."). An "extraordinary" motion requires that the movant show a "good reason . . . why the motion was not made" during the 30-day period. O.C.G.A. § 5-5-41.

conviction after it has been affirmed on direct appeal."). "Properly filed" in this context means that the pleading's "'delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" *Westmoreland*, 817 F.3d at 753 (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).[4] The applicable filing rules, "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 531

---

[4] The State argues, in support of the petition's untimeliness, that petitioner's extraordinary motion was "void" because it was filed beyond the 30-day period, but it cites authority that only establishes that an untimely motion for new trial will not be *construed* as extraordinary when "unaccompanied by *any attempt* to show some good reason why the motion was not made during the 30-day period following the entry of the judgment and sentence." *Davis v. State*, 330 Ga. App. 711, 713 (2015) (emphasis added); *see also Porter v. State*, 271 Ga. 498, 499 (1999) (untimely motion for new trial could not be construed as an extraordinary motion because it did not "attempt" to show "good reason"); *Keller v. State*, 252 Ga. App. 813, 815 (2001) (same); *Peters v. State*, 237 Ga. App. 625, 625 (1999) (analyzing timeliness of a motion for new trial under O.C.G.A. § 5-5-40).

Savior, however, both attempted to show a "good reason" and his motion was expressly captioned as an "extraordinary" motion. The state court found that none of his proffered reasons were a "good reason," and denied his motion. But the § 2244 clock is tolled by "properly filed" motions, not only successful ones. *See Artuz*, 531 U.S. at 9 (2000) ("But in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."). The articulated argument for dismissal is, therefore, insufficient. Nevertheless, the assertion of a statute-of-limitations defense put Savior on notice of that his petition's timeliness was disputed. Once such notice is provided, a petitioner bears the burden of showing that his petition is timely. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Savior has not responded to the State's motion to dismiss. Despite the inapposite authority, then, the Court considers whether the petition is, in fact, timely.

U.S. at 8.

Whether an application for state post-conviction relief is "properly filed," for purposes of § 2244, depends upon state law, and "consideration of the merits cannot alone convert a motion for post-conviction relief that no one disputes is time-barred under state law into a properly filed motion for tolling purposes under [§ 2244]." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008).  Thus, the distinction between an untimely motion for new trial and a timely extraordinary motion for new trial is of considerable consequence.  But the distinction between ordinary and extraordinary motions for a new trial is timeliness.  *Ford Motor Co. v. Conley*, 294 Ga. 530, 539 (2014) (Georgia law distinguishes "between timely, or ordinary, motions for new trial and untimely, or extraordinary, motions for new trial.").  Given that distinction, courts follow a sequential procedure for evaluating motions for new trial.  "[W]hen a motion for new trial is untimely [*i.e.*, when it is an extraordinary motion], before considering the merits of the motion, the court must determine if the delay in filing the motion should be excused by good cause." *Id.*  Whether an extraordinary motion for new trial is timely, and thus properly filed, will only be clear once a court has determined

whether the movant has presented a "good reason" for his delay.

Savior thinks that his extraordinary motion for new trial tolled the clock on his federal habeas petition. *See* doc. 1 at 13 (listing April 6, 2017 -- the date of disposition of his extraordinary motion -- as the date he "exhausted all state remedies . . . ."). The Order disposing of that motion found that Savior's motion failed both the substantive test for such motions, *compare Ford Motor Co.*, 294 Ga. at 540 n. 9 (listing six-part test), *with* doc. 14-1 at 1-2 (quoting *Alexander v. State*, 264 Ga. App. 34, 38 (2003)) (same six-part test), *and* "fail[ed] to show 'good reason' under O.C.G.A. § 5-5-41(a)." Doc. 14-1 at 2. The finding that Savior's motion failed to show "good reason" for his delay in filing it means that it is, in fact, an untimely -- and thus, improperly filed -- ordinary motion for a new trial. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."[5] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Since Savior did not *properly* file for any state remedy after the Georgia Supreme Court's remittitur,

---

[5] Although the state court's disposition of Savior's motion expresses alternative reasons for denial, there is no ambiguity that he failed to establish the "good reason" required for an extraordinary motion. *See Gorby*, 530 F.3d at 1367-68 (citing, *inter alia*, *Pace*, 544 U.S. at 414) (declining to extend "plain-statement rule" applied to questions of procedural default to determine timeliness of state petition for collateral relief and tolling under § 2244(d)).

§ 2244's one-year clock ran out on April 3, 2017. His petition is, therefore, untimely.[6]

A petition filed outside the statute of limitations "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "'Equitable tolling is an extraordinary remedy, which is typically applied sparingly.'" *Rodriguez v. Sec'y, Fla. Dept. of Corrs.*, 631 F. App'x 735, 736 (11th Cir. 2015)

---

[6] Savior might reasonably object that the distinction between ordinary and extraordinary motions for new trial and its interaction with federal habeas law is essentially a trap for the unwary. As four dissenting Supreme Court Justices in *Pace* point out: "[t]he Court's chosen rule means that a state application [for collateral relief] will not be deemed properly filed -- no matter how long the state court has held the petition, how carefully it has reviewed the merits of the petition's claims, or how it has justified its decision -- if the court ultimately determines that particular claims contained in the application fail to comply with the applicable state statute of limitations." *Pace*, 544 U.S. at 420 (Stevens, J; Souter, J.; Ginsburg, J.; and Breyer, J., dissenting). But, the *Pace* Court, majority and dissenters alike, identify a remedy: "Because a state court's timeliness ruling cannot be predicted with certainty, prisoners who would otherwise run the risk of having the federal statute of limitations expire while they are exhausting their state remedies will have no choice but to file premature federal petitions accompanied by a request to stay federal proceedings pending the exhaustion of their state remedies." *Id.* at 429; *see also id.* at 416 (majority also explains that "[a] prisoner seeking state postconviction relief might avoid this predicament [between the exhaustion requirement and the statute of limitations] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas petition until state remedies are exhausted."). Here, the time exhausted between the conclusion of Savior's direct appeal and his state habeas petition created an urgency that he might have avoided. Thus, the time for him to seek federal habeas relief expired while it was still unclear whether his extraordinary motion might toll that period. The only insurance against that possibility was a "protective" petition, which Savior did not file.

8

(quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). "The petitioner bears the burden of establishing that equitable tolling should apply." *Id.* (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). Since Savior has neither responded to the motion to dismiss nor asserted entitlement to equitable tolling in his petition, he has not borne his burden.

Respondent's motion to dismiss (doc. 7) should therefore be **GRANTED** and Savior's petition **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court

and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  28th  day of September, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA